### AUTOMATIC REFRIGERATING CO. v. NEW YORK INDEPENDENT MEAT CO.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

WORK AND LABOR (§ 12*)—ACTIONS—DEFENSES—NONPERFORMANCE BY PLAINTIFF.

Where a party to a contract for the installation of a refrigerating plant agreed to furnish refrigeration or a temporary substitute therefor on or about a certain date, its failure to substantially perform this provision of the contract, which was neither waived nor excused by the other party, defeated a recovery for labor performed and materials furnished under the contract, although, instead of suing on the contract, it brought suit on a quantum meruit.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 27; Dec. Dig. § 12;* Contracts, Cent. Dig. § 1366.]

Appeal from City Court of New York, Trial Term.

Action by the Automatic Refrigerating Company against the New York Independent Meat Company. From a judgment for plaintiff, after a trial before the court and a jury, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Terry Smith, of New York City, for appellant.

Herman W. Booth, of New York City (Isaac N. Miller and Jacob Landy, both of New York City, of counsel), for respondent.

SEABURY, J. The complaint alleges a cause of action for labor performed and materials furnished. Upon the trial it was proven that the plaintiff and defendant entered into a written contract, pursuant to which the plaintiff delivered to the defendant certain appliances and articles to be used in a refrigerating plant, which, under the terms of the contract, plaintiff agreed to install. The answer pleaded a general denial and two counterclaims. The first counterclaim was for damages which the defendant claims to have sustained by reason of the alleged spoiling of defendant's meats for want of the refrigeration

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which the plaintiff contracted to supply. The second counterclaim is for money alleged to have been paid out by the defendant at the plaintiff's request.

In the contract referred to plaintiff agreed "to furnish refrigeration on or about the 10th day of June, 1911," and further agreed that, "in event we fail, we shall provide temporary means of refrigeration." It is very plain that the plaintiff did not furnish refrigeration, or any temporary substitute therefor, or perform the terms of the contract in any substantial way. The effort of the plaintiff was directed to excusing its failure, not to proving its performance of the provisions of the contract. Although the plaintiff elected to sue upon the theory of a quantum meruit, the written contract was proven. The plaintiff could not avoid its obligations to perform the conditions of the contract by the simple process of ignoring the contract and designating its demand a cause of action upon the theory of a quantum meruit. The evidence, measured by the terms of the contract, shows a failure to perform on the part of the plaintiff, and that its failure was not waived or excused by the defendant.

The charge of the court to the jury was very general in terms, and could not have served to convey to the jury any precise idea of the issues that were involved. An examination of the whole record shows that the jury, not having received proper guidance from the court, have rendered a verdict for the plaintiff in disregard of the contract and the evidence.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.